This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40080**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ISAIAH L. CARVER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Donna J. Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Erica Schiff, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant Isaiah Carver appeals the revocation of his probation, arguing that his right to due process was violated in two ways: (1) the district court judge appeared for the evidentiary hearing remotely rather than in person, and (2) the district court did not identify the evidence it relied on to revoke his probation. We agree with Defendant on the first issue and therefore reverse and remand without reaching the second.

**DISCUSSION**

**{2}** Because Defendant's constitutional claim presents a question of law, our review is de novo with deference to the factual findings of the district court. *See, e.g., State v. Guthrie*, 2011-NMSC-014, ¶ 22, 150 N.M. 84, 257 P.3d 904.

**{3}** Pursuant to the district court's notice of hearing, Defendant's probation violation hearing was to be held in person at the courthouse in Clovis, New Mexico. On the date of the hearing, the parties, their counsel, and the witnesses were physically present in the courthouse in Clovis, but the judge, who ordinarily sits in the courthouse in Portales, participated virtually via an audio-visual computer program. Defendant objected to this format at the outset of the hearing, contending that the court's virtual participation in the hearing deprived him of his due process right to confront witnesses and present his case in front of a fact-finder who was present in person. The district court overruled the objection, stating, "We have had remote appearances" and "the rule requires live witnesses, there's no provision that the court has to be live."

**{4}** In support of his claim of error on appeal, Defendant cites to state and federal precedent construing constitutional due process requirements applicable to probation revocation hearings. *See Morrissey v. Brewer*, 408 U.S. 471 (1972) (adopting due process standards in the context of parole revocation); *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (extending *Morrissey*'s due process requirements to revocation of probation); *Guthrie*, 2011-NMSC-014, ¶¶ 12-13 (discussing and applying *Morrissey* and *Gagnon*). Although Defendant acknowledges that—as a probationer facing potential revocation—he was not entitled to "the full panoply of rights due a defendant in a criminal trial," *Guthrie*, 2011-NMSC-014, ¶ 10 (text only) (quoting *Morrissey*, 408 U.S. at 480), he states that he was nevertheless entitled to "some protections" under the Fourteenth Amendment's Due Process Clause as interpreted by *Morrissey*, *Gagnon*, and *Guthrie*. Most pertinent to his claim of error, Defendant emphasizes that these cases impose certain "minimum requirements" on the process afforded at probation revocation hearings, including an "opportunity to be heard in person and to present witnesses and documentary evidence; [and] the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Guthrie*, 2011-NMSC-014, ¶ 12 (emphasis, internal quotation marks, and citation omitted).

**{5}** On the basis of these "minimum requirements," we understand Defendant to argue that probation revocation hearings are generally required to be held in person in the physical presence of the fact-finder. In particular, Defendant places special emphasis on the language of the relevant precedents, which constitutionally guarantees probation revocation defendants an "'opportunity to be *heard in person*.'" *See id.* (quoting *Gagnon*, 411 U.S. at 786) (emphasis added). We agree that this language, understood in its ordinary sense, indicates that probation revocation hearings are generally to be held fully in person. That is, we believe that the phrase "opportunity to be heard in person" indicates that both the person being "heard" (the defendant) as well as the person doing the "hearing" (the fact-finder) are "in person." The State's argument

to the contrary—namely, that the constitutional guarantee of an "opportunity to be heard in person" requires the physical presence of the defendant and the witnesses, but not the fact-finder—is unpersuasive. We thus agree with Defendant that due process ordinarily requires a probation revocation hearing to be held in person.

**{6}** However, Defendant does not contend that this default assumption is absolute. Indeed, he states that virtual participation in probation revocation hearings may be constitutionally permissible if there is a "particularized showing of necessity in the service of an important public policy," as contemplated by a pair of Confrontation Clause cases: *Maryland v. Craig*, 497 U.S. 836 (1990) and *State v. Smith*, 2013-NMCA-081, 308 P.3d 135. Picking up on this allowance, the State argues that even if a "showing of good cause" is required—in the manner of Defendant's proposed *Craig*/*Smith* analysis—the COVID-19 public health emergency and its related restrictions "establish such good cause." On the basis of these arguments, we assume without deciding that the constitutional guarantee to an "opportunity to be heard in person" at a probation revocation hearing is not absolute. And because the parties have built their arguments on the terms "good cause" or "particularized necessity," for the purpose of this nonprecedential opinion we assess the merits of this appeal using that vocabulary.

**{7}** Under this standard, we conclude the district court erred in holding a hybrid-virtual hearing because there is no indication in the record of the existence of any "good cause" or "particularized necessity" for the judge to appear virtually while the parties, attorneys, and witnesses were present in the courtroom. Although the State on appeal contends that the district court's virtual appearance was justified by the COVID-19 public health emergency and its accompanying safety protocols, we find no basis for this assertion in the record. The notice of hearing states, "All parties must appear IN PERSON for this hearing." In addition, the subpoenas commanding in-person witness attendance at the hearing state that "courts have resumed in-person appearances at all hearings." Moreover, in making his objection at the hearing, Defendant's counsel noted that the district court's virtual appearance was objectionable, in part, because the courts in Defendant's district were "no longer in COVID restrictions," and the judge's absence was "not for a public health issue." In overruling the objection, the district court stated only that "we have had remote appearances" and "the rule requires live witnesses, there's no provision that the court has to be live."[1] That is, the district court never

---

[1] For the first time on appeal, the State also argues that the district court's remote appearance was supported by the then-applicable New Mexico Supreme Court Public Health Emergency Protocols, which the State claims creates a "presumption that [Defendant's h]earing would be conducted remotely." *See* Order, *In the Matter of the Amendment of the New Mexico Judiciary Public Health Emergency Protocols*, No. 21-8500-021 at 20-23 (N.M. Aug. 16, 2021), https://www.nmcourts.gov/wp-content/uploads/2021/08/Supreme-Court-Order-No.-21-8500-021-and-Amended-Emergency-Court-Protocols-effective-8-23-2021-1.pdf. Because the potential application of these protocols was never discussed in the district court, the State effectively asks us to affirm the district court's ruling under the doctrine of right for any reason. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 30, 416 P.3d 264 ("Under the right for any reason doctrine, an appellate court may affirm a district court ruling on a ground not relied upon by the district court if (1) reliance on the new ground would not be unfair to the appellant, and (2) there is substantial evidence to support the ground on which the appellate court relies." (text only) (citation omitted)). However, we decline to do so because it would be unfair to Defendant, who never had an opportunity to respond to the State's argument in the district court and there is little evidence in the

addressed the claims that there was a lack of applicable COVID restrictions, and the district court did not justify the judge's remote appearance for any reason related to protecting the health of hearing participants or the public. In sum, we see no basis in the record for concluding that the judge's virtual appearance was based on any kind of "particularized necessity" or "good cause," COVID-related or otherwise. And we do not believe that the fact that hearings were, for a time, conducted virtually based on COVID restrictions establishes a lawful basis for virtual proceedings as a general matter.

**{8}** Based on the arguments presented by the parties, we conclude that Defendant was deprived of his constitutional right to be heard in person. Everyone involved in the hearing, other than the judge, participated in person, and the record does not include any good cause or other justification for the judge's virtual participation.

**CONCLUSION**

**{9}** We reverse and remand for a new hearing.

**{10}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**

---

record supporting the position. *See id.* In fact, the record indicates that the district court did not treat the protocol's presumption as controlling. The protocol states that probation revocation hearings for defendants who are in custody, as Defendant was, were presumed to "be conducted remotely through telephonic or audio-visual connection for court appearances by all attorneys, litigants, and witnesses, unless the judge presiding over the proceeding, in consultation with the chief judge of the judicial district, orders otherwise." Order No. 21-8500-021 at 22. But here all "attorneys, litigants, and witnesses" at Defendant's hearing were ordered to appear in person.